# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20490
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TAMARA MITCHELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-640-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Tamara Mitchell appeals the sentence imposed after a jury convicted her of five offenses arising from a drug-trafficking and prescription fraud scheme. She contends that the district court committed reversible error by finding that the scheme had more than 10 victims and that she was leader or organizer of the criminal operation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20490

The district court's application of the Guidelines is reviewed de novo, and its findings of fact are reviewed for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* "Ultimately, the district court need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence." *United States v. Alaniz*, 726 F.3d 586, 618-19 (5th Cir. 2013) (internal quotation marks and citation omitted). Accordingly, a district court may consider any evidence bearing sufficient indicia of reliability, including hearsay evidence and the PSR. *United States v. Nava*, 624 F.3d 226, 230-31 (5th Cir. 2010).

Whether a defendant was a leader or organizer is a factual question. *Alaniz*, 726 F.3d at 622. Likewise, a sentencing court's determination of the number of victims is a factual finding. *United States v. Beacham*, 774 F.3d 267, 276-77 (5th Cir. 2014).

Pertinent to this appeal, a "victim" in cases involving means of identification, includes "any individual whose means of identification was used unlawfully or without authority." U.S.S.G. § 2B1.1, comment. (nn.1 & 4(E)(ii)). The Government presented sufficient and reliable evidence that the scheme involved the unlawful, unauthorized use of identity information from more than 10 persons. Mitchell's assertion that these victims did not suffer pecuniary loss is irrelevant. *See* § 2B1.1, comment. (nn.1 & 4(E)(ii)); *United States v. Minor*, 831 F.3d 601, 606 (5th Cir. 2016).

Factors relevant to being an organizer or leader include

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4); *see United States v. Lewis*, 476 F.3d 369, 389 (5th Cir. 2007).  More than one person can qualify as a leader or organizer. § 3B1.1, comment. (n.4).

Reliable evidence fully supported the district court's conclusion that the aggravating-role factors "almost without exception" applied to Mitchell. Evidence showed that Mitchell managed the internal workings of the business at two successive pharmacies; she helped recruit others into the scheme; she provided and managed billing software; she received a larger share of the proceeds; and she taught others how to file fraudulent claims.  Mitchell's challenge to the leader-organizer increase lacks merit.  *See Alaniz*, 726 F.3d at 621-22.

Mitchell shows no reversible error with respect to either of her claims. The judgment is AFFIRMED.